UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
THE PROCTER & GAMBLE COMPANY,  )
                               )
                    Plaintiff, )
                               )  Civil Action No. 07-CIV-8379 (RJS)
          v.                   )
                               )  Electronically Filed
ULTREO, INC.,                  )
                               )  **JURY TRIAL DEMANDED**
                    Defendant. )
- - - - - - - - - - - - - - - - - - - - - - - - - - -x

### DEFENDANT'S ANSWER AND COUNTERCLAIMS

Defendant Ultreo, Inc. ("Ultreo"), by and through its undersigned counsel, Winston & Strawn LLP, for its Answer and Counterclaims to the Complaint filed by Plaintiff The Procter & Gamble Company ("P&G"), answers and avers as follows:

### ANSWER

### INTRODUCTION

1. Denies the allegations of paragraph 1, except admits that P&G has initiated this action purportedly pursuant to the statutes cited in the first two sentences of paragraph 1, and that Ultreo advertises its toothbrush, and refers to those advertisements for an accurate and complete statement of their contents.

2. Denies the allegations of paragraph 2.

3. Denies the allegations of paragraph 3, except admits that Ultreo advertises its toothbrush and refers to its advertisements for an accurate and complete statement of their contents.

4. Denies the allegations of paragraph 4, except admits that Ultreo advertises its toothbrush on its website, on its packaging and in print advertisements to dental professionals, and refers to those advertisements for an accurate and complete statement of their contents.

5. Denies the allegations of paragraph 5, except admits that P&G advised Ultreo in writing in early 2007 of its objections to certain of Ultreo's advertising claims, and that Ultreo has modified certain of its advertising content, and refers to those advertisements for an accurate and complete statement of their contents.

6. Denies the allegations of paragraph 6.

7. Denies the allegations of paragraph 7, except admits that Ultreo advertises its toothbrush to dental professionals, and refers to those advertisements for an accurate and complete statement of their contents.

## PARTIES

8. Denies knowledge or information sufficient to form a belief in the truth of the allegations of paragraph 8.

9. Admits the allegations of paragraph 9.

## JURISDICTION

10. Admits the allegations of paragraph 10.

## VENUE

11. Denies the allegations of paragraph 11, except admits that Ultreo conducts business and markets its product in this District.

## FACTS

12. Admits the allegations of paragraph 12.

13. Denies the allegations of paragraph 13, except admits that ultrasound technology has been used in the medical and dental professions for years.

14. Denies the allegations in paragraph 14, except admits that Ultreo introduced its power toothbrush to dental professionals and consumers in February 2007, and that Ultreo advertises its toothbrush, and refers to those advertisements for an accurate and complete statement of their contents.

15-16. Denies the allegations of paragraphs 15 and 16, except admits that Ultreo advertises its toothbrush, and refers to those advertisements for an accurate and complete statement of their contents.

17. Denies the allegations of paragraph 17, except admits that P&G communicated with Ultreo concerning Ultreo's advertising claims and that Ultreo modified certain of its advertising claims.

18. Denies the allegations of paragraph 18.

19. Denies the allegations of paragraph 19, except admits that Ultreo does conduct print advertising, and refers to those advertisements for an accurate and complete statement of their contents.

20. Denies the allegations of paragraph 20, except admits that Ultreo does advertise on its product packaging, and refers to that packaging for an accurate and complete statement of its contents.

21. Denies the allegations of paragraph 21, except admits that Ultreo does advertise on its website, and refers to that website for an accurate and complete statement of its contents.

22. Denies the allegations of paragraph 22, except admits that Ultreo did advertise its product in the May 2007 issue of *Hygienetown* magazine, and refers to that advertisement for an accurate and complete statement of its contents.

23. Denies the allegations of paragraph 23, except admits that Ultreo's user manual does include a letter to consumers from Jack Gallagher, and refers to that letter for an accurate and complete statement of its contents.

24. Denies the allegations of paragraph 24, and refers to the letter to consumers from Mr. Gallagher for an accurate and complete statement of its contents.

25. Denies the allegations of paragraph 25, and refers to Ultreo's advertisements and website for an accurate and complete statement of their contents.

26–30. Denies the allegations of paragraphs 26 through 30.

### FIRST CAUSE OF ACTION: ALLEGED VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

31. Repeats its answers to paragraphs 1-30 as if set forth fully in this paragraph.

32. Denies the allegations of paragraph 32, and refers to Section 43(a) of the Lanham Act for an accurate and complete statement of its provisions.

33–35. Denies the allegations of paragraphs 33 through 35.

### SECOND CAUSE OF ACTION: ALLEGED VIOLATION OF NEW YORK'S DECEPTIVE TRADE PRACTICES ACT

36. Repeats its answers to paragraphs 1-35 as if set forth fully in this paragraph.

37. Denies the allegations of paragraph 37.

38. Admits the allegations of paragraph 38.

39–42. Denies the allegations of paragraphs 39 through 42.

## THIRD CAUSE OF ACTION:
## ALLEGED VIOLATION OF NEW YORK'S FALSE ADVERTISING STATUTE

43. Repeats its answers to paragraphs 1-42 as if set forth fully in this paragraph.

44. Denies the allegations of paragraph 44.

45. Admits the allegations of paragraph 45.

46–49. Denies the allegations of paragraphs 46 through 49.

## FOURTH CAUSE OF ACTION:
## ALLEGED VIOLATION OF COMMON LAW

50. Repeats its answers to paragraphs 1-49 as if set forth fully in this paragraph.

51–54. Denies the allegations of paragraphs 51 through 54.

## PRAYER FOR RELIEF

### Preliminary Relief

55. Denies the allegations of paragraph 55 and avers that P&G is not entitled to the preliminary relief requested in paragraph 55.

### Permanent Relief

56. Denies the allegations of paragraph 56, and avers that P&G is not entitled to the permanent relief requested in paragraph 56.

## AFFIRMATIVE DEFENSES

Ultreo asserts the following affirmative defenses without assuming the burden of proof on any issue that would otherwise rest on P&G. Ultreo hereby gives notice that it intends to rely on any other defense that may arise or become available to it during the course of this action and hereby reserves its right to amend any part of its Answer and/or Counterclaims accordingly.

### First Affirmative Defense

P&G's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

P&G's claims are barred, in whole or in part, on the grounds of mootness.

### Third Affirmative Defense

All of Ultreo's advertising claims that expressly state or imply that they are supported by scientific research or studies are fully and thoroughly substantiated by valid and reliable scientific research and studies.

### Fourth Affirmative Defense

P&G's claims are barred, in whole or in part, because the challenged claims constitute "puffery" and thus are not actionable as a matter of law.

### Fifth Affirmative Defense

P&G's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Sixth Affirmative Defense

P&G's claims are barred, in whole or in part, by the doctrines of estoppel, equitable estoppel, laches, acquiescence, and/or waiver.

### Seventh Affirmative Defense

P&G 's claims are barred, in whole or in part, because P&G has not suffered, and is not likely to suffer, any injuries or damages as a result of the advertising claims at issue.

### Eighth Affirmative Defense

P&G's claims are barred, in whole or in part, because P&G's alleged injuries or damages, if any, are wholly speculative and therefore not recoverable.

### Ninth Affirmative Defense

P&G's claims are barred, in whole or in part, because the advertising claims at issue are literally truthful or truthful in the context in which they were made.

### Tenth Affirmative Defense

P&G's claims are barred, in whole or in part, because the advertising claims at issue express opinions, not facts.

### Eleventh Affirmative Defense

P&G's claims are barred, in whole or in part, because the advertising claims at issue are not deceptive and do not have the tendency to deceive a substantial segment of U.S. consumers of power toothbrushes.

### Twelfth Affirmative Defense

P&G's claims are barred, in whole or in part, because the advertising claims at issue are not material to decisions of U.S. consumers regarding the purchase of a power toothbrush.

## COUNTERCLAIMS

### The Parties

Defendant Ultreo, Inc. ("Ultreo"), by its attorneys, Winston & Strawn LLP, alleges for its Counterclaims against The Procter & Gamble Company ("P&G"), as follows.

1.      Defendant Ultreo is a Washington corporation with its principal place of business in Redmond, Washington. Ultreo manufactures and distributes the Ultreo ultrasound toothbrush.

2.      Plaintiff P&G is an Ohio corporation with its principal place of business in Cincinnati, Ohio. P&G manufactures a variety of consumer products, including the Oral-B power toothbrush, which competes with the Ultreo ultrasound power toothbrush.

### Jurisdiction

3.      This Court has federal question jurisdiction of the Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338, supplemental jurisdiction of the state law claims pursuant to 28

U.S.C. § 1367, and jurisdiction over all counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure.

## Venue

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because P&G conducts business in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District. P&G markets its product in this District through dissemination of press releases, as well as through print and internet advertisements. P&G makes sales directly to consumers in this District.

## Factual Background

5.  This is a civil action for unfair competition and false advertising under the Lanham Act and the New York Consumer Protection Act, based on false and misleading statements made by P&G that are designed to damage Ultreo's goodwill and reputation and sales of Ultreo ultrasound power toothbrushes.

6.  Ultreo engaged in extensive research and development of an ultrasound power toothbrush. In conjunction with a team of scientists and engineers at the University of Washington, Ultreo eventually developed a power toothbrush that combines sonic bristle action technology with a patented ultrasound waveguide technology. The Ultreo toothbrush has been clinically proven to remove plaque and reduce gingivitis.

7.  In February 2007, Ultreo began selling its ultrasound power toothbrush to dental care professionals and to consumers online. The Ultreo is also available for sale in certain retail stores.

8.  In an attempt to unfairly compete with Ultreo and disparage Ultreo's product, on September 27, 2007, P&G broadly disseminated to a variety of national news, commercial and

8

dental industry sources a press release that contains false and misleading claims about Ultreo's ultrasound power toothbrush (the "Press Release"). Namely, the Press Release falsely claims and/or implies that:

 (a) "[a] clinical study conducted by P&G showed that turning off Ultreo actually removed more plaque than using the Ultreo toothbrush with its ultrasound 'waveguide' on, per the manufacturer's instructions;"

 (b) a clinical study conducted by P&G showed that the ultrasound component of the Ultreo cannot remove plaque in the mouth; and

 (c) Ultreo has no clinical support for the efficacy of its product.

9. On or about September 27, 2007, P&G published a clinical study summary entitled "A Clinical Trial Evaluating Efficacy of a Sonic Toothbrush with Ultrasound Waveguide in Disruption of Plaque Biofilm with and without Bristle Contact" (the "Clinical Summary"). On information and belief, P&G has provided the Clinical Summary to its national sales force which has distributed it to dental professionals across the country. The Clinical Summary falsely claims that:

 (a) "The new sonic/ultrasonic brush provided statistically significant greater plaque removal when used like a manual brush (power off) than when used according to manufacturer's instructions (power on). This supports that the cleaning action is

delivered by the mechanical action of the bristles rather than the sonic/ultrasonic technology;" and

(b) "In contrast to *in vitro* data, the brush did not provide a significant plaque removal benefit when held 3 mm from the tooth surface versus the no brushing regimen. These results indicate bristle contact is needed for plaque removal."

10. The claims in the Press Release and the Clinical Summary, as set forth above, are false and misleading. The clinical study conducted by P&G on which P&G bases its claim that the Ultreo removes more plaque when the toothbrush is turned off is not reliable. P&G's own research acknowledges that power toothbrushes are more efficacious than manual toothbrushes in plaque removal. Further, the clinical study conducted by P&G does not support P&G's claim that the ultrasonic component of the Ultreo cannot remove plaque in the mouth. Finally, Ultreo has numerous clinical studies demonstrating the efficacy of the Ultreo toothbrush.

11. P&G widely distributed the Press Release. The Press Release is available in both print versions and via the internet. Consumers who search for information concerning Ultreo toothbrushes on the internet will encounter P&G's false Press Release.

12. P&G timed the publication of its false Press Release to coincide with the American Dental Association ("ADA") Annual Meeting. P&G representatives distributed the false Press Release and/or the Clinical Summary to dental professionals at the ADA Annual Meeting. Further, upon information and belief, P&G sales representatives have distributed and communicated the contents of the Press Release and the Clinical Summary to dental professionals.

13. P&G widely distributed the Press Release and the Clinical Summary for the purpose of attempting to persuade dental professionals that the Ultreo ultrasound power toothbrush is ineffective. Moreover, P&G intentionally timed the circulation of the Press Release and the Clinical Summary to coincide with the ADA Annual Meeting to damage Ultreo's good will and reputation with dental professionals.

14. Additionally, P&G widely distributed the Press Release for the purpose of attempting to persuade consumers that the Ultreo ultrasound power toothbrush is ineffective. P&G intentionally timed the circulation of the Press Release to damage Ultreo's roll-out of its toothbrushes in retail stores nationwide.

15. P&G's distribution of its false Press Release and Clinical Summary have damaged not only Ultreo's good will and reputation with dental professionals and consumers, but also sales of Ultreo toothbrushes.

16. P&G issued the Press Release and the Clinical Summary for the purpose of harming sales of Ultreo's toothbrush to existing and potential customers. Further, P&G widely disseminated the false Press Release for the purpose of causing present and potential Ultreo customers to purchase P&G's Oral-B power toothbrush, as opposed to Ultreo's ultrasound power toothbrush.

**FIRST COUNTERCLAIM**

**(UNFAIR COMPETITION IN VIOLATION OF
SECTION 43(a) OF THE LANHAM ACT)**

17. Ultreo reincorporates and realleges the allegations made in paragraphs 1 through 16 of its Counterclaims for its paragraph 17 as if those allegations were set forth *verbatim* herein.

18.     The Press Release and the Clinical Summary constitute commercial advertising and promotion and have been distributed in interstate commerce.

19.     In the Press Release and the Clinical Summary, P&G has made false or misleading representations or descriptions of fact which misrepresent the nature, characteristics or qualities of the Ultreo toothbrush, as identified above.

20.     Further, these false and misleading statements were made by P&G for the purpose of disparaging Ultreo and the Ultreo toothbrush and interfering with Ultreo's relationships with existing and potential consumers and dental professionals.  P&G made these false statements so that said customers would purchase P&G's Oral-B power toothbrush, instead of Ultreo's ultrasound power toothbrush.

21.     The purpose and effect of P&G's false advertising, as set forth above, has been to mislead consumers and dental professionals generally and Ultreo's customers specifically that the Ultreo toothbrush is ineffective, whereas P&G's Oral-B power toothbrush is effective.

22.     P&G's false and misleading statements regarding Ultreo's toothbrush are likely to deceive a substantial number of the present or potential customers of both P&G and Ultreo.

23.     P&G's false and misleading statements regarding Ultreo's toothbrush are material in that they are likely to cause the present and potential customers of Ultreo to purchase P&G's and/or other power toothbrushes as opposed to Ultreo's ultrasound power toothbrush.

24.     Ultreo has been damaged in its business as a result of P&G's false and misleading statements regarding Ultreo's toothbrush.

## SECOND COUNTERCLAIM

### (NEW YORK GENERAL BUSINESS LAW SECTIONS 349 and 350: DECEPTIVE BUSINESS PRACTICES AND FALSE ADVERTISING)

25.     Ultreo realleges and reincorporates the allegations made in paragraphs 1 through 24 of its Counterclaims as its paragraph 25 as if those allegations were set forth *verbatim* herein.

26.     P&G's false and misleading statements in its Press Release and its Clinical Summary regarding Ultreo's ultrasound power toothbrush, as set forth above, were and are being disseminated nationwide, including in New York State.

27.     P&G knew or should have known that its claims were and are false and misleading.  Moreover, P&G made and continues to make these statements with reckless indifference to the rights of others and/or in intentional and wanton violation of those rights.

28.     P&G's false and misleading claims constitute unlawful deceptive acts and practices and unlawful false advertising.

29.      As set forth above, P&G's false statements concerning Ultreo's ultrasound power toothbrush have caused and are causing substantial injury to Ultreo through the ascertainable loss of money from sales of its toothbrushes.

30.     P&G's conduct by disseminating false statements concerning the Ultreo ultrasound power toothbrush constitutes a violation of the New York Consumer Protection Act, New York General Business Law §§ 349 and 350.

## JURY DEMAND

31. Ultreo hereby demands a trial by jury.

**WHEREFORE**, Defendant Ultreo prays that this Honorable Court:

    a) enter judgment in favor of Ultreo dismissing P&G's Complaint with prejudice;

    b) enter judgment in favor of Ultreo and against P&G on Ultreo's First and Second Counterclaims;

    c) enter a preliminary and/or permanent injunction ordering P&G, its officers, agents, employees and all other persons or entities acting in concert with them, to:

        i. cease the dissemination of any advertising, marketing, or promotional statements, whether made expressly or by implication, that in any way state or suggest that the Ultreo toothbrush works better with the power off than with the power on, or that P&G's clinical study referenced in the Clinical Summary shows that the ultrasonic component of the Ultreo cannot remove plaque, or that Ultreo lacks any clinical studies to establish its efficacy; and

        ii. issue appropriate corrective advertising and literature;

    d) award Ultreo damages resulting from the false and misleading statements made by P&G and/or P&G's profits from sales made pursuant to those false and misleading statements;

    e) award up to three times the amount of such damages and/or profits because P&G's conduct was willful;

    f) award Ultreo its costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1117 and the statutory laws of New York;

    g) award Ultreo pre-judgment and post-judgment interest on all of the foregoing sums; and

      h)    grant Ultreo such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 18, 2007

          **Respectfully Submitted,**

          **WINSTON & STRAWN LLP**

By:   /s/ Anthony DiSarro

Anthony DiSarro
Lina M. Viviano
200 Park Avenue
New York, New York 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
adisarro@winston.com (email)
lviviano@winston.com (email)

**Attorneys for Defendant Ultreo, Inc.**

Of Counsel:

Kimball R. Anderson
Stephen P. Durchslag
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois, 60601
(312) 558-5600 (telephone)

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 18, 2007, I caused a copy of the foregoing **DEFENDANT'S ANSWER AND COUNTERCLAIMS** to be served upon counsel by: (1) ECF notice of filing with the Court; and (2) Fed Ex overnight mail delivery on the following individuals:

Theresa M. Gillis, Esq.
Harold Keith Gordon, Esq.
**JONES DAY**
222 East 41st Street
New York, New York 10017

John B. Williams, Esq.
Danielle M. Hohos, Esq.
**JONES DAY**
51 Louisiana Avenue, North West
Washington, D.C. 20001

**Attorneys for The Proctor & Gamble Company**

Dated: New York, New York
October 18, 2007

_____
Lina M. Viviano

NY:1141847.1