# Exhibit  A

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-3678
jbwilliams@jonesday.com

March 27, 2007

VIA FEDERAL EXPRESS

Mr. Jack Gallagher
CEO & President
Ultreo, Inc.
9461 Willows Road NE, Suite 101
Redmond, WA 98052

Re:    Ultreo Website

Dear Mr. Gallagher:

I write on behalf of The Procter & Gamble Company ("P&G") in connection with certain false and misleading statements found on Ultreo's website, located at www.ultreo.com. Specifically, there are a number of statements that falsely suggest that Ultreo creates bubbles in the user's mouth that are capable of removing plaque. But P&G is not aware of any *in vivo* studies that would support such claims.

One example of the false and misleading statements on Ultreo's website is the following description of how Ultreo works found in the "Letter from the President:"

"As you brush, Ultreo's bristle action creates bubbles in your mouth that are powerfully activated by nearly 4 million cycles of ultrasound energy. The ultrasound is channeled into your mouth by this proprietary waveguide. As the bubbles expand and contract, they're able to remove plaque bacteria."

A similar description is located in the Technical Questions section of the website, as well as the Owner's Manual that is available on Ultreo's website:

"There are 3 main components to Ultreo's technology; first precisely tuned sonic bristles create bubbles in the mouth and clean teeth upon contact. Second, ultrasound energy is channeled through a proprietary waveguide into the bubbles in the mouth. And third, the bubbles are activated by the ultrasound energy and transformed into pulsating bubbles that can remove plaque bacteria."

These statements explicitly refer to the action of Ultreo "in the mouth," yet P&G is not aware of a single *in vivo* study that confirms Ultreo performs in this manner. The *in vivo* studies conducted with Ultreo all focus on brushing (where bristles contact teeth) in combination with

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Mr. Jack Gallagher
March 27, 2007
Page 2

the ultrasound and sonic mechanisms. None of the Ultreo *in vivo* studies focus on the alleged cleaning associated with bubbles created by sonic or ultrasonic vibrations and, therefore, are insufficient to support these claims.

As you know, similar claims involving cleaning "beyond the bristles" have been challenged before the National Advertising Division of the Better Business Bureaus ("NAD"). In those instances, the NAD has concluded that such claims cannot imply *in vivo* performance in the absence of supporting *in vivo* studies. *See The Sonex Corp. (The UltraSonex Toothbrushes & SoniPick Flosser)*, Case # 3656 (May 1, 2000); *The Optiva Corp. (The Sonicare Toothbrush)*, Case Nos. 3229 & 3230 (Aug. 1, 1995). Indeed, the NAD has recommended that such claims must clearly state that the plaque removal claims are based upon laboratory studies. *The Sonex Corp. (The UltraSonex Toothbrushes & SoniPick Flosser)*, Case # 3656 (May 1, 2000) ("future claims that imply in vivo plaque removal beyond-the-bristles be modified to clearly state that plaque removal beyond the bristles is based on laboratory studies"); *The Optiva Corp. (The Sonicare Toothbrush)*, Case Nos. 3229 & 3230 (Aug. 1, 1995) (same).

Given the absence of *in vivo* studies supporting Ultreo's actual performance "in the mouth," we request that you modify the statements on the website to correct their false and misleading nature. Specifically, we request that you eliminate any reference to Ultreo's performance "in the mouth" that suggests that clinical studies have been done to show that ultrasound and or sonic vibrations create bubbles and or energy that removes plaque on teeth.

Unless we receive your prompt assurance that these claims will be corrected, and no similar claims will be made without *in vivo* studies, we will need to consider available legal remedies. Also, if you have any information relevant to your product, or supporting data that we are unaware of, we would appreciate the opportunity to review it. This letter is not intended to be a complete statement of the facts of the law and is without prejudice to P&G's legal and equitable rights.

Very truly yours,

JOHN B. WILLIAMS