# Exhibit B

# K&L|GATES

Kirkpatrick & Lockhart Preston Gates Ellis LLP
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158

T 206.623.7580    www.klgates.com

April 4, 2007

Marc C. Levy
D (206) 370-7593
marc.levy@klgates.com

**VIA FEDERAL EXPRESS**

Mr. John B. Williams
Jones Day
51 Louisiana Avenue N.W.
Washington, D.C. 20001-2113

Re:   Ultreo Website

Dear Mr. Williams,

We represent Ultreo, Inc. Ultreo has asked us to respond to your letter of March 27, 2007, addressed to Mr. Jack Gallagher, CEO and President of Ultreo. Ultreo disagrees with both your analysis and conclusions concerning the statements from the Ultreo website cited in your letter relating to the ultrasound technology of the Ultreo product. Ultreo's statements, as referenced in your letter, are all true and not misleading.

The purpose of the statements at issue is to describe how the ultrasound technology in the Ultreo product works. You have misinterpreted the quoted statements in your letter in two different ways. First, Ultreo is not currently making a claim that the ultrasound feature of the Ultreo product removes plaque in the mouth. Ultreo rather states what it now knows to be true, namely, that the ultrasound energy from the Ultreo is transmitted through bubbles which "are able to remove plaque bacteria." As I'm sure you have seen on the Ultreo website, Ultreo possesses reliable scientific evidence that the ultrasonic feature of the Ultreo product has just this capability. Second, Ultreo does not claim that the ultrasound feature of the Ultreo product removes plaque. Rather, the assertion is that the Ultreo product's ultrasound feature has the capacity to remove plaque <u>bacteria</u>, which is a true statement.

Ultreo possesses reasonable substantiation for making the statements at issue, which includes, among other evidence, the laboratory studies that are also referenced on the website that demonstrate the method of action for removal of plaque bacteria. In addition, the website includes reference to *in vivo* studies that demonstrate the capacity of the Ultreo product to remove plaque bacteria. Therefore, there can be no confusion as to the basis for these claims. These facts clearly distinguish the claims you identified from the unsubstantiated claims in the NAD cases you cited.

April 4, 2007
Page 2

In fact, the NAD has validated this type of substantiation for even stronger claims than Ultreo's in one of the cases cited in your letter. In the 2000 Sonex case, the NAD found that a laboratory study isolating the ultrasonic feature of the Sonex brush provided reasonable substantiation for Sonex's claims that its ultrasonic feature "cleans teeth," "interrupts the bacterial process" and "disrupts the bacteriological activity that is at the root of tooth decay and gum disease." *The Sonex Corp.* (*The UltraSonex Toothbrushes & SoniPick Flosser*), Case No. 3656 (May 1, 2000).

Despite Ultreo's disagreement with your analysis and conclusions, in the interest of expeditiously resolving the dispute between the parties without further expense, Ultreo will adjust its advertising to address Procter & Gamble's concerns as expressed in your letter in the near future.

Please understand that Ultreo is making these changes solely to avoid a continuation of the current dispute and the costs associated with defending its position. In addition, Ultreo's actions should not be regarded as permanent. As Ultreo's understanding of the ultrasonic feature of the Ultreo brush and its benefits evolves, Ultreo's statements in its advertising concerning that feature and its benefits can be expected to evolve as well, in order to remain truthful and not misleading.

This letter is written without prejudice to Ultreo's legal and equitable rights and defenses, all of which are specifically reserved.


Very truly yours,

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP


By
    Marc C. Levy

MCL:wl

cc:   Jack Gallagher

x:\MCL_L22B3