# Exhibit E



**K&L | GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158

: 206.623.7580    www.klgates.com

June 6, 2007

Marc C. Levy
D (206) 370-7593
marc.levy@klgates.com

**VIA EMAIL & FEDERAL EXPRESS**

John B. Williams
Jones Day
51 Louisiana Avenue N.W.
Washington, D.C. 20001-2113

Re:    Ultreo Website

Dear Mr. Williams,

As you know, we represent Ultreo, Inc. and are responding to your letter dated May 29, 2007, which we received on May 30, 2007.

Having already modified its advertising to respond to your demand in your March 27 letter, Ultreo was surprised to receive your May 29 letter. In your original March 27 letter, you were quite clear about your request:

> Specifically, we request that you eliminate any reference to Ultreo's performance "in the mouth" that suggests that clinical studies have been done to show that ultrasound and or sonic vibrations create bubbles and or energy that removes plaque on teeth.

Although Ultreo disagreed with both your analysis and conclusions concerning its advertising expressed in your March 27 letter, we informed you in our April 4 letter that Ultreo "will adjust its advertising to address Proctor & Gamble's concerns as expressed in your letter in the near future." And that is exactly what Ultreo did and has been doing, at considerable expense.

The same week we sent our April 4 letter to you, Ultreo modified its website material to eliminate any "in the mouth" references in connection with its statements concerning the ability of the ultrasound energy produced by the Ultreo to remove plaque bacteria . Ultreo made the same adjustments to its print advertising. In early April, it was too late to change the print advertisements for the April journal editions, and thus, Ultreo made these changes beginning with the May editions. We note that the advertisement you attached to your May 29 letter is from an April journal, even though the May journals have been out for some time

June 6, 2007
Page 2

now. Ultreo also made adjustments to its packaging materials, the rollout of which is nearly complete. Currently, approximately 90% of all Ultreo products being sold today are being shipped in packaging that contains the modified language.

In short, Ultreo's implementation of the modifications you requested in your March 27 letter is nearly complete. Now, eight weeks after Ultreo made the changes you requested on its website and informed you of such, you demand that Ultreo not only eliminate any express claim that the bubbles produced by the Ultreo can remove plaque bacteria in the mouth, as you formerly demanded, but also any such claim "by implication." You made no such demand in either your March 27 letter. Nor did you make this demand in your April 18 letter thanking me for my April 4 letter.

Ultreo views your client's new demand with considerable skepticism. Ultreo made its modifications to its website, as you requested, during the first week of April. Had your client been dissatisfied with the changes Ultreo made in responding to your March 27 demand, we would have assumed we would have heard from you in early April, shortly after those changes were made, especially given the seriousness with which you assert your client approaches this matter. Yet, in your April 18 letter thanking me for the April 4 letter, you indicated no dissatisfaction whatsoever with the website modifications which already had been made.

Ultreo does not agree with any of your analysis or conclusions in your May 29 letter. In particular, Ultreo does not agree with your assertion that the statements you quote in your May 29 letter either expressly or by implication make the claim that the bubbles created by the Ultreo toothbrush will clean teeth or remove plaque bacteria in the mouth or that Ultreo has clinical substantiation for such claims.

Nonetheless, solely in an effort to put this matter to rest and avoid the expense and inconvenience of litigation, Ultreo will make further adjustments to its advertising to moot the issue. In particular, Ultreo will include an express reference to laboratory studies when discussing the ability of the ultrasonic energy produced by the Ultreo to remove plaque bacteria. The inclusion of an express reference to laboratory studies when discussing the "mode-of-operation" claims you reference in your letter clearly conforms with the NAD precedent cited in your March 27 letter, including *The Optiva Corp.*, Case Nos. 3329 & 3230 (Aug.1, 1995) (finding the advertiser's "beyond-the-bristles" claim to be substantiated as a stand-alone, mode-of-operation claim provided that such claims clearly state that plaque removal beyond the bristles is based on laboratory studies).

These additional changes are currently being implemented on the Ultreo website which we expect to be completed within days. They will be implemented in print advertising beginning with the July editions, as the June editions have already been published. You can expect a rollout of new product packaging incorporating these changes to begin next month.

As we indicated previously, Ultreo is making these further changes solely to avoid a continuation of the current dispute and the costs associated with defending its position. In

June 6, 2007
Page 3

addition, Ultreo's actions should not be regarded as permanent. As Ultreo's understanding of the ultrasonic feature of the Ultreo brush and its benefits evolves, Ultreo's statements in its advertising concerning that feature and its benefits can be expected to evolve as well, in order to remain truthful and not misleading.

This letter is written without prejudice to Ultreo's legal and equitable rights and defenses, all of which are specifically reserved.

Very truly yours,

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

By

   Marc C. Levy

MCL:wl

cc:    Jack Gallagher

\MCL_L22BP