UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

THE PROCTER & GAMBLE COMPANY, )
) 
        Plaintiff, ) No. 07 Civ. 8379 (RJS)
)
        v. )
) ECF CASE
ULTREO, INC., )
)
        Defendant. )

------------------------------------------------------------ x

### PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff, The Procter & Gamble Company ("P&G"), by and through its undersigned counsel, Jones Day, for its Answer to the Counterclaims filed by Defendant, Ultreo, Inc. ("Ultreo"), answers and avers as follows:

### The Parties

1. P&G admits the allegations of paragraph 1.

2. P&G admits the allegations of paragraph 2.

### Jurisdiction

3. P&G admits the allegations of paragraph 3.

### Venue

4. P&G admits that it conducts business in this District and that it makes sales directly to consumers in this District, but denies the remaining allegations in paragraph 4.

**Factual Background**

5.      P&G admits that this is a civil action for unfair competition and false advertising under the Lanham Act and the New York Consumer Protection Act.  P&G denies the remaining allegations of paragraph 5.

6.      P&G lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 and on that basis denies them.

7.      P&G admits that the Ultreo is available for sale in certain retail stores and online, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 7 and on that basis denies them.

8.      Paragraph 8 contains legal conclusions to which no response is required.  P&G admits that it issued a press release on September 27, 2007, but denies that the press release was broadly disseminated.  P&G denies the remaining allegations in paragraph 8.

9.      Paragraph 9 contains legal conclusions to which no response is required.  P&G admits that it published a clinical study summary entitled "A Clinical Trial Evaluating Efficicacy of a Sonic Toothbrush with Ultrasound Waveguide in Disruption of Plaque Biofilm with and without Bristle Contact" and refers Defendant Ultreo to that study for a true and complete statement of its contents.  P&G provided the Clinical Summary to its national sales force.  P&G denies the remaining allegations in paragraph 9.

10.     Paragraph 10 contains legal conclusions to which no response is required.  P&G denies that the clinical study conducted by P&G is not reliable and does not support P&G's claim that the ultrasonic component of the Ultreo cannot remove plaque in the mouth.  P&G

lacks knowledge and information sufficient to form a belief as to the allegation that Ultreo has numerous clinical studies demonstrating the efficacy of the Ultreo toothbrush and on that basis denies it.  P&G denies the remaining allegations in paragraph 10.

11.     Paragraph 11 contains legal conclusions to which no response is required.  P&G admits that its press releases are distributed via the internet and in print but denies that the press release was widely distributed.  P&G sales representatives were provided the Press Release and Clinical Summary to use reactively when asked about Ultreo.

12.     Paragraph 12 contains legal conclusions to which no response is required.  P&G admits that a press release was distributed at the American Dental Association ("ADA") Annual Meeting.  P&G denies the remaining allegations in paragraph 12.

13.     Paragraph 13 contains legal conclusions to which no response is required.  To the extent such a response is required, P&G denies the allegations in Paragraph 13.

14.     Paragraph 14 contains legal conclusions to which no response is required.  To the extent such a response is required, P&G denies the allegations in Paragraph 14.

15.     Paragraph 15 contains legal conclusions to which no response is required.  To the extent such a response is required, P&G denies the allegations in Paragraph 15.

16.     Paragraph 16 contains legal conclusions to which no response is required.  To the extent such a response is required, P&G denies the allegations in Paragraph 16.

## FIRST COUNTERCLAIM

## (UNFAIR COMPETITION IN VIOLATION OF
## SECTION 43(a) OF THE LANHAM ACT)

17. P&G incorporates its responses to paragraphs 1 through 16 of Ultreo's Counterclaims by reference.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent such a response is required, P&G denies the allegations in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent such a response is required, P&G denies the allegations in Paragraph 19.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent such a response is required, P&G denies the allegations in Paragraph 20.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent such a response is required, P&G denies the allegations in Paragraph 21.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent such a response is required, P&G denies the allegations in Paragraph 22.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent such a response is required, P&G denies the allegations in Paragraph 23.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent such a response is required, P&G denies the allegations in Paragraph 24.

## SECOND COUNTERCLAIM

### (NEW YORK GENERAL BUSINESS LAW SECTIONS 349 and 350: DECEPTIVE BUSINESS PRACTICES AND FALSE ADVERTISING)

25.     P&G incorporates its responses to paragraphs 1 through 24 of Ultreo's Counterclaims by reference.

26.     Paragraph 26 contains legal conclusions to which no response is required. To the extent such a response is required, P&G denies the allegations in Paragraph 26.

27.     Paragraph 27 contains legal conclusions to which no response is required. To the extent such a response is required, P&G denies the allegations in Paragraph 27.

28.     Paragraph 28 contains legal conclusions to which no response is required. To the extent such a response is required, P&G denies the allegations in Paragraph 28.

29.     Paragraph 29 contains legal conclusions to which no response is required. To the extent such a response is required, P&G denies the allegations in Paragraph 29.

30.     Paragraph 30 contains legal conclusions to which no response is required. To the extent such a response is required, P&G denies the allegations in Paragraph 30.

### JURY DEMAND

31.     No response is necessary to this demand.

### PRAYER FOR RELIEF

P&G denies that Defendant is entitled to any legal or equitable relief.

## AFFIRMATIVE DEFENSES

P&G asserts the following affirmative defenses and reserves the right to further amend this Answer to assert any additional affirmative defenses, including in particular those affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure, when and if, in the course of its investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses.

1.   Ultreo's Counterclaim fails to state a claim upon which relief can be granted.

2.   Ultreo has not suffered, or is likely to suffer, any injury or damages as a result of the allegations pleaded in Ultreo's counterclaims.

3.   Ultreo's claims are barred, in whole or in part, by the doctrines of estoppel, equitable estoppel, laches, acquiescence, and/or waiver.

4.   Ultreo's claims are barred, in whole or in part, because any claims made by P&G at issue are literally truthful or truthful in the context in which they were made and protected by the First Amendment of the United States Constitution.

5.   Ultreo's claims are barred, in whole or in part, on the grounds of mootness.

6.   Ultreo's claims are barred because Ultreo has not established that it is entitled to equitable relief.

7.   Ultreo's claims are barred by the doctrine of unclean hands.

- 7 -

Dated: New York, New York
       November 9, 2007

/s/ *Laura W. Sawyer*
_____
HAROLD K. GORDON (HG-1007)
LAURA W. SAWYER (LS-4385)
JONES DAY
222 East 41st Street
New York, NY  10017-6702
212-326-3939

JOHN B. WILLIAMS
DANIELLE M. HOHOS
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113
202-879-3939

*Attorneys for Plaintiff*
*The Procter & Gamble Company*

## CERTIFICATE OF SERVICE

      The foregoing PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS was served on all counsel of record on November 9, 2007 by electronic mail through the Court's CM/ECF system.

                                      _____/s/ *Laura W. Sawyer*_____