USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 11/9/07

Sullivan, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - x

THE PROCTER & GAMBLE COMPANY,  )
                               )
            Plaintiff,         )    No. 07 Civ. 8379 (RJS)
                               )
       v.                      )    ECF CASE
                               )
ULTREO, INC.,                  )
            Defendant.         )

- - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATED CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, through their respective attorneys, that this litigation arises in a highly competitive industry where constant innovation and research are necessary, that disclosure of material relating to innovation and research could cause decided competitive harm or unfair competitive advantage, and that therefore good cause exists for entry of a protective order regarding confidentiality of trade secret or nonpublic technical, commercial, financial, personal or business information that is expected to be produced or provided in the course of discovery, and

IT IS FURTHER STIPULATED AND AGREED that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court may enter without further notice or hearing a Confidentiality Order containing the terms and conditions set out below.

### SCOPE OF THIS ORDER

1.  Designation of Confidential information must be made by stamping, placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only

when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal or business information. Except for documents produced for inspection at the party's facilities, the designation of Confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked Confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of Confidential documents before they are copied and marked confidential pursuant to this procedure.

    a.    Any party, including any third party, may obtain Confidential treatment for any information disclosed in this litigation.

    b.    In answering any interrogatory, request for admission, or part thereof, a party may designate its responses as Confidential by affixing thereto the legend "CONFIDENTIAL."

    c.    If a producing party discovers after the production of a document that it has inadvertently failed to designate the document as "CONFIDENTIAL" material, it may within thirty (30) days after production give written notice to the receiving party that the document is Confidential material, whereupon (i) the receiving party shall, to the extent possible, retrieve all copies of the inadvertently produced document from any person or persons in possession of such copies and return them to the producing party; (ii) the producing party will simultaneously provide copies of the same document with each page marked "CONFIDENTIAL;" and (iii) thereafter the parties shall treat such copies as Confidential material. If a party to this action

receives copies of particular documents from a non-party pursuant to a formal or informal discovery request, any party may designate any or all such documents as Confidential information and furnish to all other parties a list of the documents, by Bates number, designated as Confidential.

2. Portions of depositions of a party's present and former officers, directors, employees, agents and representatives must be deemed confidential by notice only if they are designated as such when the deposition is taken. If a party discovers after the conclusion of a deposition that it has inadvertently failed to designate the deposition testimony as Confidential, it may designate the testimony as Confidential by writing to counsel for the opposing parties within thirty (30) days after the conclusion of the deposition. Prior to the expiration of the 30-day period, the parties shall treat the entire deposition testimony, transcript and exhibits as if they had been designated as "Confidential."

3. Information and documents designated as Confidential under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph 4 for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

4. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as Confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

   a. Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

3

b.  Disclosure may be made to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

c.  Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

d.  Disclosure may be made to consultants, investigators or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

e.  Disclosure may be made to deponents, designated trial or hearing witnesses, and their counsel during depositions, trial or pretrial hearings in the above-captioned case.

f.  Disclosure may be made to the Court, its clerks and staff (including the court having jurisdiction of any appeal) and the jury.

g.  Disclosure may be made to independent litigation support services, including document reproduction services, computer imaging services and demonstrative exhibit services. Prior to disclosure to any such services, such services must agree to be bound by the provisions of this Order requiring that the documents and information be held in confidence.

5.  Except as provided in Paragraph 4, counsel for the parties must keep all documents designated as Confidential that are received under this Order secure within their exclusive possession. Each person to whom information designated as Confidential is disclosed shall be

informed of the terms of this Order and agree to be bound by it before disclosure to such person of any such information.

6.      All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

7.      Material which a party in good faith and for good cause believes should be subjected to a higher level of confidentiality may be designated "Confidential — Attorneys' Eyes Only" ("Attorneys' Eyes Only Material"). The parties agree that they will mark only those documents that are highly confidential and/or highly proprietary as "Confidential – Attorneys' Eyes Only." Attorneys' Eyes Only Material shall be subject to all restrictions and conditions that apply to Confidential material, and in addition shall be disclosed only to counsel appearing in this action, to one designated party representative, who must be an attorney who is either employed in the legal department of the party or is outside counsel to the party, and to the persons described in Paragraphs 4(a), 4(c), 4(d), 4(e) and 4(f), subject to the condition that prior to disclosure to any eligible person, such person must agree to be bound by the terms of this Order requiring that Attorneys' Eyes Only Material be held in confidence and not further disclosed, and specifically that Attorneys' Eyes Only Material not be disclosed to any employees or agents of the parties, other than the one designated party representative. When Attorneys' Eyes Only Material is used at deposition, only those to whom such material may be disclosed may remain in attendance.

    a.      Attorneys' Eyes Only Material shall be affixed with the words "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

    b.      Discovery responses and deposition testimony may be designated

Attorneys' Eyes Only Material in a manner similar to that described in Paragraphs l(b), l(c) and 2, but Attorneys' Eyes Only Material designations must be made within 10 days rather than 30 days.

    c. As its party representative, plaintiff names: Julie A. Gibson.

    d. As its party representative, defendant names: Marc. C. Levy.

  8. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be Confidential or Attorneys' Eyes Only Material, these papers or any portion thereof must be filed under seal in accordance with the Court's procedures and practices. The material submitted under seal shall be accompanied by a motion to seal, a statement of reasons why the material is confidential and a proposed order.

  9. This Confidentiality Order shall be applicable to all information deemed "Confidential" or Attorneys' Eyes Only Material pursuant to Paragraphs 1, 2 and 7 herein and produced by any party or non-party pursuant to interrogatories, deposition, requests for production of documents, requests for admissions, subpoenas or other discovery requests (whether formal or informal) in connection with the above captioned case, and all such Confidential information provided by any party or non-party in connection with any evidentiary hearings or other proceedings conducted during the course of the above-captioned case.

  10. Compliance with the terms of this Confidentiality Order shall not be deemed an admission that any documents are admissible in evidence and shall not constitute a waiver of objections concerning further use of the documents. Entering into, agreeing to, and/or complying with the terms of this Confidentiality Order shall not (a) operate as an admission by any party that any document or material designated by any other party as "Confidential" or

Attorneys' Eyes Only Material contains or reflects proprietary or other confidential matter, or (b) prejudice in any way the right of any party (i) to seek determination by the Court on notice of whether any particular document or material should be deemed to be "Confidential," or Attorneys' Eyes Only Material or (ii) to seek relief on notice from any provision of this stipulation, either generally or with respect to any particular documents.

11. If another court or administrative agency subpoenas or orders production of any discovery materials that a party has obtained under the terms of this Order, such party shall promptly notify the party who produced the materials of the pendency of such subpoena or order, and shall allow the party who produced the materials a reasonable period of time to oppose or quash the subpoena or order before providing the materials to the person or entity seeking them. Compliance with any subpoena or order shall not be deemed a violation of this Order absent the entry, in advance of the response date for the subpoena or order, of a protective order barring disclosure of the information, and communication of such an order to counsel for the person or entity under subpoena or order.

12. Within thirty (30) days of the conclusion of the above-captioned case, including any and all appeals, all material not received in evidence and treated as Confidential or Attorneys Eyes Only Material under this Order must be returned to the originating party, or certified to have been destroyed. This Order shall continue to be binding after the conclusion of this litigation.

13. A designation of Confidential or Confidential- Attorneys' Eyes Only may be challenged by another party upon application to the Court, and the party claiming the designation bears the burden of showing that the designation is appropriate. A party moving to modify this Order to provide for greater restrictions on disclosure must show that such a modification is

necessary to protect the movant's interests.

14. The parties hereby agree, through their undersigned attorneys, that until such time as the Court approves and enters this Agreed Confidentiality Order, they will be bound by and will abide by all terms set forth herein. The parties further agree, through their undersigned attorneys, that discovery will proceed under the terms of this Agreed Confidentiality Order regardless of whether the Court has entered the Order at the time the parties' discovery materials are due to be produced.

STIPULATED AND AGREED BY:

| ULTREO, INC. | THE PROCTER & GAMBLE COMPANY |
|---|---|
| *(signature)* | *(signature)* |
| ANTHONY DISARRO<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166<br>P-(212) 294-6700 | HAROLD K. GORDON (HG-1007)<br>LAURA W. SAWYER (LS-4385)<br>JONES DAY<br>222 East 41st Street<br>New York, NY 10017-6702<br>(212) 326–3939 |
| KIMBALL R. ANDERSON<br>STEPHEN P. DURCHSLAG<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL 60601<br>P-(212) 558-5600 | JOHN B. WILLIAMS<br>DANIELLE M. HOHOS<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, DC 20001<br>(202) 879–3939 |
| MARC C. LEVY<br>KIRKPATRICK & LOCKHART PRESTON<br>GATES ELLIS LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104<br>P-(206) 623-7580 | *Attorneys for Plaintiff*<br>*The Procter & Gamble Company* |
| *Attorneys for Defendant*<br>*Ultreo, Inc.* | |

It is SO ORDERED

_____
Richard J. Sullivan
United States District Judge