# Exhibit N

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 3342655 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

**H**
Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.
S.D.N.Y.,2006.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
ADVANCED MAGNETIC CLOSURES, INC., Plaintiff,
v.
ROME FASTENER CORP., Rome Fastener Sales Corp., Romag Fasteners, Inc., Rings Wire, Inc. Defendants.
ROMAG FASTENERS, INC., Counter Claimant,
v.
ADVANCED MAGNETIC CLOSURES, INC., Counter Defendant.
No. 98 Civ. 7766(PAC).

Nov. 16, 2006.

*OPINION AND ORDER*
CROTTY, J.
*1 Plaintiff Advanced Magnetic Closures, Inc. ("AMC") brings this action for patent infringement, false advertising, false marking, and common law unfair competition against Defendants Rome Fastener Corporation, Rome Fastener Sales Corporation, Romag Fasteners Inc. and Rings Wire, Inc. (collectively "Romag"). AMC alleges that magnetic fasteners produced by Romag infringe on U.S. Patent No. 5,572,773 (the " '773 patent") held by AMC. Romag in turn brings two counterclaims against AMC: (1) for a declaratory judgment that the '773 patent is invalid or not infringed by Romag and (2) for unfair competition pursuant to the Lanham Trademark Act, 15 U.S.C. § 1125(a). AMC now moves for partial summary judgment striking Defendants' fifth, eight, ninth and tenth affirmative defenses and first counterclaim to the extent they are based on AMC's lack of inventorship, lack of standing, unclean hands, and patent misuse, while Romag moves for summary judgment dismissing AMC's claim for patent infringement on the basis of prior invention.

For the reasons stated below, AMC's motion is granted as to Romag's affirmative defense and counterclaim of unclean hands to the extent they are based on conduct unrelated to the '773 patent, and granted as to Romag's affirmative defense and counterclaim of patent misuse in their entirety. The Court defers judgment on the remainder of AMC's motion and on Romag's motion and orders a limited reopening of discovery to allow the parties to obtain certain additional evidence relevant to the remaining issues before the Court.

DISCUSSION

I. Summary Judgment Standard

A motion for summary judgment shall be granted " if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."Fed.R.Civ.P. 56(c). In determining a motion for summary judgment, the Court must "resolve all ambiguities and draw all factual inferences in favor of the nonmoving party."*McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir.2006) (citation omitted). Summary judgment should not be granted where issues of fact are "genuine," and "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

II. Unclean Hands

The unclean hands doctrine is based on the maxim that "he who comes into equity must come with clean hands."*Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 241 (1933). The

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                          Page 2

Not Reported in F.Supp.2d, 2006 WL 3342655 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

doctrine holds that a court's equitable powers "can never be exerted in behalf of one who has acted fraudulently, or who by deceit or any unfair means has gained an advantage."*Id.* at 245 (1933).

In support of its claim that AMC does not bring this lawsuit with clean hands, Romag urges that Irving Bauer ("Bauer"), the President and sole owner of AMC and the named inventor of the '773 patent, has been engaged since the early 1990s in a conspiracy to monopolize the magnetic fastener industry by enforcing invalid patents. Romag further contends that Bauer's attempted monopolization continues a pattern of conduct begun in the 1980s by a company called Randolph-Rand, since acquired by Bauer, and that Randolph-Rand and Bauer were represented at all times by the same attorney, Jeffrey Schwab, Esq. Romag alleges in particular that Randolph-Rand enforced U.S. Patent No. 4,021,891 (the " '891 patent") when that patent was not assigned to Randolph-Rand, and that Bauer and Randolph-Rand enforced U.S. Patent No. 4,453,294 (the " '294 patent") when they knew it had been adjudicated to be invalid. These allegations cannot support a defense of unclean hands.

*2 The cases on which Plaintiff relies, however, *Keystone Driller* and *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.,* 324 U.S. 806 (1945), make clear that allegations of unclean hands must relate directly to the matter being adjudicated. The doctrine of unclean hands does not prevent "rogues" from litigating. Its scope is more limited; unclean hands must involve a party's "inequitableness or bad faith *relative to the matter in which he seeks relief,"* which can be "any willful act *concerning the cause of action." Precision Instrument* at 814-815 (emphasis added). The Court was even more explicit in *Keystone Driller,* holding that a court should apply unclean hands only where the plaintiff's conduct "has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation." *Keystone Driller,* 290 U.S. at 245.

The "immediate and necessary relation" between AMC's alleged misconduct and the cause of action is not comparable to the relation found in *Precision Instrument* and *Keystone Driller.*In *Keystone Driller,* the plaintiff brought a patent infringement claim relying on a prior judgment of patent validity and infringement that had been obtained through the plaintiff's suppression of evidence of invalidity. *Id.* at 242-243.The suppression of evidence was therefore integral to the plaintiff's suit. In *Precision Instrument,* the patents allegedly infringed were found to have been tainted by perjury which plaintiff knew of and concealed. *Precision Instrument,* 324 U.S. at 816. By contrast, the current suit by AMC is not based on the '891 and '294 patents and is not in any way predicated upon their validity or prior infringement. The basis for this action is the allegation that Romag's current product infringes on the '773 patent, indisputedly assigned to AMC. Even assuming Romag's contentions regarding the enforcement of the '891 and '294 patents are accurate and fairly attributable to AMC, there is no "immediate and necessary relation" between that enforcement and the cause of action here, and it cannot sustain either an affirmative defense or a counterclaim on the basis of unclean hands.

Romag's second general allegation to support its unclean hands defense is that Bauer fraudulently represented himself as the inventor of the '773 patent, and suppressed the evidence of his fraud by means of a settlement agreement in an unrelated lawsuit against the true inventor, Robert Riceman (" Riceman"). For the reasons discussed *infra* Part IV, the Court declines at present to rule on these allegations.

### III. Patent Misuse

Romag's assertion of patent misuse is based on the same factual allegations as its claim of unclean hands. Patent misuse is derived from the unclean hands doctrine, *C.R. Bard, Inc. v. M3 Systems, Inc.,* 157 F.3d 1340, 1372 (Fed.Cir.1998), and therefore a patent misuse defense to infringement is properly restricted, in the same manner as an unclean hands defense, to conduct with an "immediate and necessary relation" to the cause of action. Romag has cited no authority to the contrary. For the same reasons as discussed above in the context of unclean hands, conduct unrelated to the '773 patent is not

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 3

Not Reported in F.Supp.2d, 2006 WL 3342655 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

adequate to support Romag's affirmative defense and counterclaim of patent misuse.

*3 Romag's remaining allegations of patent misuse are Bauer's fraudulent claim to inventorship of the '773 patent, his suppression of evidence of that fraud, and his enforcement of the patent, but these allegations do not constitute misuse. "Patent misuse relates primarily to a patentee's actions that affect competition in unpatented goods or that otherwise extend the economic effect beyond the scope of the patent grant."*Id.* at 1372.When, as here, the conduct alleged is not *perse* patent misuse, the question is whether the conduct is "reasonably within the patent grant, *i.e.,* that it relates to subject matter within the scope of the patent claims."*Mallinckrodt, Inc. v. Medipart, Inc.,* 976 F.2d 700, 708 (Fed.Cir.1992). If the conduct is reasonably within the patent grant, it "does not have the effect of broadening the scope of the patent claims and thus cannot constitute patent misuse."*Virginia Panel Corp. v. MAC Panel Co.,* 133 F.3d 860, 869 (Fed.Cir.1997).

Romag argues, in essence, that AMC's enforcement of the patent constitutes misuse because AMC is aware that either the '773 patent is invalid or Romag's product does not infringe it. This argument clearly mistakes the purpose of the patent misuse defense. That purpose is to prevent a patentee from using its patent to gain a competitive advantage beyond that which the patent rightfully confers, not to bar actions enforcing a patent against allegedly infringing products. *SeeC.R. Bard, Inc. v. M3 Systems, Inc.,* 157 F.3d 1340 (Fed.Cir.1998) (overturning a jury verdict based on instructions that "focused primarily on the charge that [the plaintiff] was attempting to enforce the patents against goods known not to be infringing....").

Romag cites no relevant authority in support of its position. The sole patent misuse case it appears to rely upon, *Brulotte v. Thys Co.,* 379 U.S. 29 (1964), involved the collection of royalties after patent expiration, a clear misuse of the patent grant. There is no dispute that the '773 patent has not expired, and so *Brulotte* is inapposite. AMC's action for infringement is reasonably within the rights conferred by the '773 patent, and, Romag having produced no evidence of other conduct that could constitute misuse, Romag's affirmative defense and counterclaim based on patent misuse must be dismissed.

IV. Limited Reopening of Discovery

At oral argument on October 30, 2006, the parties raised a number of factual issues relating to the respective claims of inventorship by Bauer, Riceman and Howard Reiter, President of Defendant Romag Fasteners, Inc. and Vice President of the other Romag Defendants, that were not fully addressed during discovery. The Court believes that a just resolution of the parties' motions, and the optimum preparation for trial, if that should prove necessary, require a limited reopening of discovery for the purpose of seeking documents from and taking depositions of Alexander Fischer, A-C La Cava, and Robert Riceman. This discovery shall be completed within 60 days, and the parties shall have an additional 15 days to submit any further evidence relating to the motions before the Court. Such submissions may be accompanied by letter briefs explaining what the parties perceive to be the relevance of their supplemental evidentiary submissions.

*4 The parties have informed the Court that Riceman is bound by a settlement agreement which states that he "shall not voluntarily, or for a fee, assist anyone else who is in litigation with, or seeking to commence litigation against ... Irving Bauer...." Romag has advised the Court that Riceman believes that this agreement precludes him from providing discovery in the present case, and now requests that the Court find that this term of the settlement agreement is contrary to public policy and enjoin AMC and Bauer from seeking to enforce it. The Court need not proceed that way; rather, Romag should subpoena Riceman to appear at a deposition and produce any relevant documents pursuant to Federal Rule of Civil Procedure 45. Riceman's deposition and production in response to such a subpoena would not be voluntary, and would not constitute assistance to Romag. Instead, it would be an involuntary submission to legitimate judicial authority to testify and provide relevant and truthful testimony concerning the matter at issue.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                      Page 4
Not Reported in F.Supp.2d, 2006 WL 3342655 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

This would not violate the terms of his settlement agreement. The Court further assumes, based on the oral argument, that neither Plaintiff nor Mr. Bauer objects to Mr. Riceman's deposition.

### CONCLUSION

For the foregoing reasons, AMC's motion for summary judgment is GRANTED in part. Romag's Ninth Affirmative Defense of patent misuse is dismissed. Romag's Eighth Affirmative Defense is dismissed to the extent it relies on conduct unrelated to the '773 patent. Paragraph 18 of Romag's First Counterclaim is dismissed as to patent misuse, and dismissed as to unclean hands to the extent it relies on conduct unrelated to the '773 patent. Discovery is reopened for the limited period and purposes stated above. The Clerk of the Court is directed to leave this motion open pending the Court's decision following the limited discovery period.
SO ORDERED

S.D.N.Y.,2006.
Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.
Not Reported in F.Supp.2d, 2006 WL 3342655 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.