UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
THE PROCTER & GAMBLE COMPANY,                         :
                                                      :
                                            **Plaintiff,**   :   **No. 07 Civ. 8379 (RJS)**
                                                      :
             vs.                                       :   ECF Case
                                                      :
                                                      :
ULTREO, INC.,                                         :
                                                      :
                                            **Defendant.**
                                                      :
------------------------------------------------------------------------ x

**PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

**TABLE OF CONTENTS**

**<u>PROPOSED FINDINGS OF FACT</u>**

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | PROCEDURAL HISTORY | 2 |
| III. | THE PARTIES | 3 |
| IV. | THE POWER TOOTHBRUSH MARKET | 3 |
| | A. The Toothbrushes | 3 |
| | B. The Players | 4 |
| V. | THE ULTREO TOOTHBRUSH | 4 |
| | A. Gallagher Leaves Optiva And Forms Ultreo To Make A Power Toothbrush That Cleans Beyond The Bristles | 4 |
| | B. Ultreo's "Novel" And "Breakthrough" Concept | 4 |
| | C. Ultreo Acknowledged And Emphasized The Importance Of And Promised Human Clinical Studies To The NIH To Support Its Ultrasound Efficacy Claims | 6 |
| | D. Ultreo Fails To Obtain Clinical Support Prior To Commercialization To Support Its Advertising Claims | 9 |
| VI. | POST-COMMERCIALIZATION ULTREO CONDUCTED AT LEAST FIVE ADDITIONAL CLINICAL STUDIES THAT IT REFUSES TO DISCLOSE | 13 |
| VII. | ULTREO'S AGGRESSIVE AND DECEPTIVE MARKETING CAMPAIGN TO ADDRESS THE LACK OF CLINICAL SUPPORT FOR ITS CLAIMS | 13 |
| | A. Ultreo Has Deceived Dental Professionals With its Marketing Campaign | 14 |
| | B. Ultreo Has Deceived Magazine Publishers and Retailers With Its PR Campaign To Create A Buzz About Its Product Upon Which It Continues To Capitalize | 18 |
| | C. Ultreo's Print Advertisements To Dental Professionals And Consumers | 20 |
| VIII. | CONSUMERS ARE BEING DECEIVED AND HARMED AS A RESULT OF ULTREO'S FALSE ADVERTISING CLAIMS | 21 |
| | A. The Dupont Study | 21 |
| IX. | ULTREO CANNOT TAKE THE POSITION THAT ITS IN *IN VITRO* | |

|   |   |   |   |
|---|---|---|---|
|   |   | TESTS ARE SUFFFICENT | 23 |
|   | A. | P&G's Clinical Study Demonstrates That Ultreo's Advertising Claims Are Expressly False | 23 |
|   | B. | Only After Its Clinical Tests Failed To Produce The Desired Results Did Ultreo Take The Position That *In Vivo* Clinical Support Was Unnecessary | 26 |
|   | C. | In Any Event, The Roberts Study Is Not An Accurate Predictor Of How A Toothbrush Will Perform In The Mouth | 26 |
|   | D. | Allowing Beyond the Bristles Claims Based Solely on Laboratory Studies There is No Industry Standard | 29 |
| X. | ULTREO CANNOT SUPPORT ITS FOUR MILLION CYCLES CLAIM | | 30 |
| XI. | ULTREO'S SALES OF THE ULTREO TOOTHBRUSH | | 30 |
| XII. | P&G WILL LIKELY BE HARMED AS A RESULT OF ULTREO'S FALSE ADVERTISING CLAIMS | | 31 |
|   | A. | The Coulter-Renken Survey | 31 |
|   | B. | Ultreo's Own Surveys Confirm P&G's Harm | 34 |
| XIII. | ULTREO WILL NOT BE IRREPARABLY HARMED | | 34 |

**PROPOSED CONCLUSIONS OF LAW**

|   |   |   |   |
|---|---|---|---|
| I. | PRELIMINARY INJUNCTION STANDARD | | 35 |
| II. | LEGAL STANDARDS IN LANHAM ACT CASES | | 35 |
| III. | ULTREO'S CLAIMS ARE EXPRESSLY FALSE AND SHOULD BE ENJOINED | | 36 |
|   | A | P&G's Clinical Study Demonstrates Ultreo's Claims Are Expressly False | 36 |
|   | B. | False Statements Made by Ultreo Sales Representatives Are Actionable Under the Lanham Act and Are Expressly False | 38 |

# CONTENTS OF THIS DOCUMENT TO BE FILED UNDER SEAL

**CERTIFICATE OF SERVICE**

    The foregoing PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW was served on all counsel of record on December 13, 2007 by electronic mail through the Court's CM/ECF system.

                                                                                                              _/s/ Laura W. Sawyer_

Case 1:07-cv-08379-RJS   Document 64   Filed 12/14/2007   Page 5 of 5